UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BUSINESS LOAN CENTER, LLC as       )
Successor in Interest to BUSINESS LOAN   )
CENTER, INC.                       )
                                   )
Plaintiff                          )
                                   )
vs.                                )        CAUSE NO.:  2:04-CV-0324-RLY-WGH
                                   )
RACCOON BOAT RENTAL, INC., an      )
Indiana Corporation d/b/a RACCOON  )        **SUMMARY JUDGMENT ORDER**
REEF; LINDA LEE BUCHANAN a/k/a     )        **AND DECREE OF FORECLOSURE**
LINDA L. BUCHANAN; WILLIAM H.      )        **AND SALE**
BUCHANAN; PATRICIA J. BUCHANAN; )
STEVEN H. BUCHANAN; HIDDEN         )
LAKES PROPERTY OWNERS              )
ASSOCIATION, INC.; MONOGRAM        )
CREDIT CARD BANK OF GEORGIA;       )
EBY-BROWN COMPANY, LLC; OLD        )
NATIONAL BANK;  UNITED STATES      )
OF AMERICA, INTERNAL REVENUE       )
SERVICE; GEORGE S. MAY INTER-      )
NATIONAL CO.; STATE OF INDIANA,    )
INDIANA DEPARTMENT OF REVENUE;)
GREEN TREE FINANCIAL SERVICING     )
CORPORATION; NATIONAL CITY         )
BANK, INDIANA; FIRST PARKE STATE )
BANK; CONSECO BANK, INC. n/k/a     )
CONSECO FINANCE SERVICING          )
CORPORATION; OLD NATIONAL          )
BANK OF TERRE HAUTE; RACCOON       )
RAMBLERS, LLC; F.A. WHILHELM       )
CONSTRUCTION COMPANY; JIMMIE       )
LEE WHEELER, LAVERNE I. WHEELER;)
WILLIAM C. WHEELER; GERALDINE I. )
MILLER; LEON NEVINS; KATHLEEN      )
NEVINS; JOHNSON E. DOUGLAS; and    )
LUCIENE S. DOUGLAS                 )
                                   )
Defendants                         )

## SUMMARY JUDGMENT ORDER AND
## DECREE OF FORECLOSURE AND SALE

Comes now the Plaintiff, Business Loan Center, LLC ("Business Loan Center" or "Plaintiff") by counsel, Spangler, Jennings & Dougherty, P.C., and shows service on the Defendants as follows:

That Defendants, Raccoon Boat Rentals, Inc., d/b/a Raccoon Reef, Linda Lee Buchanan, a/k/a Linda L. Buchanan, William H. Buchanan, Patricia J. Buchanan and Steven H. Buchanan have appeared by Attorney Michael Eugene Allen and have filed an Answer.

That Defendant, Eby-Brown Company, LLC, has appeared by Attorney Alicia Mitchell Chandler and has filed an Answer.

That Defendants, Old National Bank and Old National Bank of Terre Haute have appeared by Attorney Tracy M. Weber and have filed an Answer.

That Defendants, United States of America and Internal Revenue Service, have appeared by Attorney Sue Hendricks Bailey and have filed an Answer.

That Defendants, State of Indiana and Indiana Department of Revenue, have appeared by Attorney Daniel P. Miller and have filed an Answer.

That Defendants, Green Tree Financial Servicing Corporation, f/k/a Conseco Financing Service Corporation, f/k/a Conseco Bank, Inc., have appeared by Attorney Richard M. Milad and have filed an Answer and have also filed a Third-Party Complaint.

That Defendant, First Financial Bank, N.A., f/k/a First Parke State Bank, has appeared by Attorney Robert L. Wright, and has filed an Answer and claims a first priority mortgage with regard to the Tract B-2 property (as Tract B-2 is described herein below) in the total amount of $4,307.07 as of January 12, 2006.

That defendants Raccoon Boat Rental, Inc., Steven H. Buchanan, Linda L. Buchanan, William H. Buchanan and Patricia J. Buchanan did not file a response to Plaintiff's Motion for Summary Judgment.  All of the other above listed defendants have filed their Responses to Plaintiff's Motion for Summary Judgment and each has indicated that it has no objection to the Court's granting of same, provided that the Court determine the proper priority of interests of the parties and that their interest be adequately set forth.

That Defendant, F.A. Wilhelm Construction, a/k/a FAW, Inc., has appeared by Attorney Michael R. Kerr and has indicated that it claims no interest in any of the property at issue in the said litigation.

That defendant, Raccoon Ramblers, LLC, has previously appeared by attorney Gregory Steuerwald while the matter was pending in the Circuit Court of Parke County, and filed an Answer. Said defendant has not appeared in these proceedings, despite having been given due notice of same.

That defendants, Hidden Lakes Property Owners Association, Inc., George S. May International Co., Jimmy Lee Wheeler, LaVerne I. Wheeler, William C. Wheeler, Geraldine I. Miller, Leon Nevins, Kathleen Nevins, Johnson E. Douglas, Luciene S. Douglas, and Monogram Credit Card Bank of Georgia have been previously defaulted by this Court and have had default judgments entered against them, accordingly.

Plaintiff moves for Summary Judgment.  Motion granted.

That the real estate at issue in this cause of action is located in Parke County, Indiana.

That the defendant, Raccoon Boat Rental, Inc., an Indiana Corporation d/b/a Raccoon Reef (hereinafter "Raccoon Boat Rental"), on or about November 10, 2000, executed and delivered to plaintiff a Note in the principal amount of $688,000.00, payable to plaintiff by regular monthly

-3-

payments of principal and interest, all as set forth in said Note, a true and accurate copy of which is attached to Plaintiff's Complaint as Exhibit "A".

That concurrently with the execution and delivery of said Note marked as Exhibit "A", and for the purpose of securing the payment of same, defendant, Raccoon Boat Rental, did execute on November 10, 2000, and deliver to the plaintiff a certain Mortgage copy of said Mortgage is attached to Plaintiff's Complaint and marked as Exhibit "C", mortgaging, warranting and encumbering the said real estate described, to-wit: (see EXHIBIT A, hereinafter referred to as **Tract "A"**); which Mortgage was recorded against said real estate in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 284, Page 441.

That the said defendant, Raccoon Boat Rental, has defaulted pursuant to the terms of the said Note and Mortgage by, among other things, failing to tender mortgage payments as required.

Pursuant to the Note and Mortgage, Plaintiff has accelerated the indebtedness due and owing under the Note and Mortgage.

That Raccoon Boat Rental is currently indebted to Business Loan Center regarding the said Exhibit "A" Note and Exhibit "C" Mortgage in the amount of $877,708.93, plus per diem interest accruing from February 2, 2006 in the amount of $129.89, plus reasonable attorney fees in the amount of $40,000.00, along with other expenses incurred in pursuing foreclosure as provided for in said Mortgages including expenses incurred for taxes, insurance, and title work.

That as additional collateral for the Note and Mortgage, defendant, Raccoon Boat Rentals, Inc., executed and delivered to Plaintiff an Assignments of Leases and Rents as to Tract A, dated November 10, 2000, which document was recorded in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 85 Page 439. A true and accurate copy of the said

-4-

Assignment is attached to Plaintiff's Complaint as Exhibit "D".

That as additional collateral for this Note, the defendant, Raccoon Boat Rental, did execute and deliver to Plaintiff a certain Security Agreement, dated November 10, 2000, secured by, among other things,  all equipment, machinery, furniture, fixtures and other assets as provided in said agreement.  A true and accurate copy of said Security Agreement with complete list of collateral is attached to Plaintiff's Complaint  as Exhibit "G" and same is incorporated herein by reference.

That Plaintiff has properly perfected its security interest by filing financing statements, and true and accurate  copies of said financing statements are attached to Plaintiff's Complaint as Group Exhibit "H".

That additionally, Plaintiff has properly perfected its security interest in certain trailers and watercraft more particularly described as follows:

| | |
|---|---|
| 1997 KAR 1 Axle trailer | #186B1J117VF015107 |
| 1998 Cutter XL 166 Jet | #607181 T |
| 1998 Cutter XLE 176 Jet | #607179 T |
| 1998 Pro-Fisher XLE 176 Fishnski | #607177 T |
| 1998 Pro-Fisher 155 | #607180 T |
| 1998 Pro-Fisher 155 | #607178 T |
| 1998 Karavan Boat Trailer | #5KTBS1912WF003521 |
| 1998 Karavan Boat Trailer | #5KTBS1912WF003518 |
| 1998 Karavan Boat Trailer | #5KTBS1914WF003519 |
| 1998 Karavan Boat Trailer | #5KTBS1910WF003520 |
| 1998 Karavan Boat Trailer | #5KTBS1910WF003517 |

by recording its lien on the said trailer and watercraft titles, true and accurate copies of said titles, are attached to Plaintiff's Complaint as Group Exhibit "I".

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same, defendant, Steven H. Buchanan, did on November 10, 2000, execute and deliver to the plaintiff an Unconditional Guarantee, guaranteeing the repayment

of any present or future indebtedness under said Note, a true and accurate copy of said Unconditional Guarantee is attached to Plaintiff's Complaint as Exhibit "J".

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same, defendant, Linda L. Buchanan, did on November 10, 2000, execute and deliver to the plaintiff an Unconditional Guarantee, guaranteeing the repayment of any present or future indebtedness under said Note, a true and accurate copy of said Unconditional Guarantee is attached to Plaintiff's Complaint as Exhibit "K".

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same, defendant, William H. Buchanan, did on November 10, 2000, execute and deliver to the plaintiff an Unconditional Guarantee, guaranteeing the repayment of any present or future indebtedness under said Note, a true and accurate copy of said Unconditional Guarantee is attached to Plaintiff's Complaint as Exhibit "L".

That concurrently with the execution and delivery of said Note marked as Exhibit "A", and for the purpose of securing the payment of same, defendant, Patricia J. Buchanan, did on November 10, 2000, execute and deliver to the plaintiff an Unconditional Guarantee, guaranteeing the repayment of any present or future indebtedness under said Note, a true and accurate copy of said Unconditional Guarantee is attached to Plaintiff's Complaint as Exhibit "M".

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same by the personal guarantee given by defendants, Steven H. Buchanan and Linda L. Buchanan, said Defendants, Steven H. Buchanan and Linda L. Buchanan did execute and deliver to the plaintiff on November 10, 2000, a certain Mortgage, a true and accurate copy of said Mortgage is attached Plaintiff's Complaint as Exhibit "O" mortgaging, warranting and

encumbering the real estate described, to-wit:  (see EXHIBIT B, hereinafter **Tract "C"**); which Mortgage was recorded against said real estate in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 284, Page 457.

That as additional collateral for the Note, Mortgage and guarantees, defendants, Raccoon Boat Rental, Inc., executed and delivered to the plaintiff an Assignments of Leases and Rents as to Tract C dated November 10, 2000,  which documents were recorded in the Offices of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 85 Page 463, respectively.  A copy of the said Assignment is attached to Plaintiff's Complaint as Exhibit "P".

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same by the personal guarantee given by defendants, Steven H. Buchanan and Linda L. Buchanan, said Defendants, Steven H. Buchanan and Linda L. Buchanan did execute and deliver to the plaintiff on November 10, 2000, a certain Mortgage, a true and accurate copy of said Mortgage is attached to Plaintiff's Complaint  as  Exhibit "R" mortgaging, warranting and encumbering the real estate described, to-wit:  (see EXHIBITS C & D, respectively, hereinafter **Tract "B1 & B2"**); which Mortgage was recorded against said real estate in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 284, Page 448.

That as additional collateral for the Note, Mortgage and guarantees, defendants, Steven H. Buchanan and Linda L. Buchanan, executed and delivered to the plaintiff herein two (2) certain Assignments of Leases and Rents as to Tracts B1 and B2 dated November 10, 2000,  which documents were recorded in the Offices of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 85 Page 447; Book 85 Page 455, respectively.  Copies of the said Assignments are attached to Plaintiff's Complaint as Exhibits "S"and "T".

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same by the personal guarantee given by defendants, Steven H. Buchanan and Linda L. Buchanan, said Defendants, Steven H. Buchanan and Linda L. Buchanan did execute and deliver to the plaintiff on November 10, 2000, a certain Mortgage, a true and accurate copy of said Mortgage is attached to Plaintiff's Complaint as Exhibit "V" mortgaging, warranting and encumbering the real estate described, to-wit: (see EXHIBIT E, hereinafter **Tract "II"**); which Mortgage was recorded against said real estate in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 284, Page 434.

That as additional collateral for the Note, Mortgage and guarantees, defendants, Steven H. Buchanan and Linda L. Buchanan, executed and delivered to the plaintiff an Assignments of Leases and Rents as to Tract II dated November 10, 2000,  which documents were recorded in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 85 Page 431, respectively.  A copy of the said Assignment is attached to Plaintiff's Complaint as Exhibit "W" and are made a part hereof.

That concurrently with the execution and delivery of said Exhibit "A" Note, and for the purpose of securing the payment of same by the personal guarantee given by defendants, Steven H. Buchanan and Linda L. Buchanan, said Defendants, Steven H. Buchanan and Linda L. Buchanan did execute and deliver to the plaintiff on November 10, 2000, a certain Mortgage, a true and accurate copy of said Mortgage is attached to Plaintiff's Complaint as Exhibit "Y" mortgaging, warranting and encumbering the real estate described, to-wit: (see EXHIBIT F, hereinafter **Tract "III"**); which Mortgage was recorded against said real estate in the Office of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 284, Page 427.

That as additional collateral for the Note and Mortgage, defendants, Raccoon Boat Rental, Inc., executed and delivered to the plaintiff an Assignments of Leases and Rents as to Tract III dated November 10, 2000,  which documents were recorded in the Offices of the Recorder of Parke County, Indiana, on November 15, 2000, in Book 85 Page 431, respectively.  A copy of the said Assignment is attached to Plaintiff's Complaint as Exhibit "Z" and are made a part hereof.

Cause submitted on Plaintiff's Motion for Summary Judgment, and the Court, having heard evidence, considered materials in support of Summary Judgment Motion, including Plaintiff's Affidavit, and being duly advised in the premises, now finds for the Plaintiff against Defendants, Raccoon Boat Rental, Inc., Steven H. Buchanan, Linda L. Buchanan, William H. Buchanan and Patricia J. Buchanan, for the relief on the allegations of Plaintiff's Complaint, and that the prayer thereof should be granted, and that there is due the Plaintiff from Defendants, Raccoon Boat Rental, Inc., Steven H. Buchanan, Linda L. Buchanan, William H. Buchanan and Patricia J. Buchanan, individually, jointly and severally, on the Note, the Mortgages, Security Agreement, Assignments of Leases and Rents, and Guaranty Agreements sued upon, the total sum of $877,708.93, which includes principal of $677,294.86, interest of $141,441.21 plus per diem interest at the rate of $129.89 from February 2, 2006 to the date of judgment, title charges of $1,950.00,  appraisal fee of $5,000.00, other related charges namely environmental testing of $1,600.00 and publication costs of $502.82,  late charges of  $9,811.04, reasonable attorney's fees of $40,000.00, including the costs of this action plus any unpaid taxes and/or municipal liens (in an amount yet to be determined) if any, which may be a lien on the said real estate, and which plaintiff may have to pay in the future and before the U.S. Marshall Service for the Southern District of Indiana's ("U.S. Marshall Service" or "Marshall") Sale of the real estate involved herein; and the Court finds that the judgment for the said

amount should bear interest from the date of judgment, at the rate of eight percent (8%) per annum; all without any relief whatsoever from any valuation and appraisement laws.

The Court further finds that the sums of money are secured to the Plaintiff by the Mortgages sued upon and sought to be foreclosed by Plaintiff's Complaint; that Plaintiff's mortgage on Tract A is dated November10, 2000 and was recorded November 15, 2000 in Book 284, Page 441, and that the lien of Plaintiff as to Tract A is a valid and subsisting first mortgage lien upon and against the said Tract A mortgage property therein described, same being the property hereinafter described, and that Plaintiff's mortgage lien as to Tract A is superior and paramount to any and all rights, titles, interest and claims of the Defendants named in this action and in or to the said Tract A mortgage property; that under and by virtue of the terms and conditions of plaintiff's Note and Mortgage, a default has occurred therein and in the indebtedness evidenced and secured thereby, and that the Plaintiff is entitled to have its said Tract A Mortgage foreclosed as against each and all of the Defendants in this cause and to have the hereinafter described Tract A Mortgage property and  all rights, titles, interest and claims of all defendants herein and of all persons and/or entities claiming from, under or through them, or either of them, in or to said Tract A Mortgage property foreclosed and sold, and to have said Tract A Mortgage property sold, to make, pay, and satisfy the amounts of money found and adjudged due the Plaintiff on its Note and Tract A Mortgage instrument sued upon.

Additionally, the Court further finds that the said sums of money are also secured to the Plaintiff by the following additional Tract B-1, Tract B-2, Tract II, Tract III and Tract C mortgages sued upon and sought to be foreclosed by Plaintiff's Complaint; that said mortgages are each dated November 10, 2000 and recorded November 15, 2000 in Book 284, page 448, Book 284, page 434, Book 284, page 427 and Book 284, page 457, respectively, that the lien of Plaintiff is a valid and

subsisting first mortgage lien upon and against the Tract B-1, Tract II and Tract III Mortgage property therein described, that the lien of Plaintiff is a valid and subsisting second lien upon and against the Tract B-2 Mortgage property therein described, and that the lien of the Plaintiff is a valid and subsisting third mortgage lien upon and against the Tract C Mortgage property therein described, all of the same property being the property hereinafter described, and that Plaintiff's said mortgage liens as to Tract B-1, Tract II, and Tract III are superior and paramount to any and all rights, titles, interest and claims of the Defendants named in this action in or to the said Tract B-1, Tract II and Tract III Mortgage property, that under and by virtue of the terms and conditions of Plaintiff's Note and respective Mortgages, a default has occurred therein and the indebtedness evidenced and secured, and that the Plaintiff is entitled to have its said Mortgages foreclosed as against each and all of the Defendants in  this cause and to have the hereinafter described mortgage property and all rights, titles and interest and claims of all of the Defendants, and of all persons and/or entities claiming from, under or through them, or either of them, in or to said mortgage property foreclosed and sold, and to have said mortgage property sold, to make, pay, and satisfy the amounts of money found and adjudged due the Plaintiff upon its Note, Mortgages, Security Agreement, Assignments of Leases and Rents and Guaranty instruments sued upon.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, by the Court as follows:

1.      That the Plaintiff is hereby granted a personal judgment in the sum of $877,708.93 against Defendants, Raccoon Boat Rental, Inc., Steven H. Buchanan, Linda L. Buchanan, William H. Buchanan and Patricia J. Buchanan, individually, jointly and severally, which amount is computed as follows:

Principal:                          $ 677,294.86

| Interest: | $ 141,441.21 |
| Publication Costs: | $ 502.82 |
| Environmental Testing: | $ 1,600.00 |
| Title Report: | $ 1,950.00 |
| Appraisal: | $ 5,000.00 |
| Late Charges: | $ 9,811.04 |
| Court Costs: | $ 109.00 |
| Attorney's Fees: | $ 40,000.00 |
| **TOTAL:** | **$ 877,708.93** |

including all costs and accruing costs of this action, including the cost of the sale herein ordered, plus whatever amounts Plaintiff may have to pay to satisfy outstanding real estate tax indebtedness prior to U.S. Marshal's Sale, and such judgment shall bear interest at the rate of eight percent (8%) per annum, from this date, all without relief from valuation and appraisement laws.

## **TRACT A**

a.   That Plaintiff's said mortgage lien be and is hereby, foreclosed as a first and prior lien against the said Tract A real estate which is legally described below, as against all the defendants in this cause; and all persons and/or entities claiming from, under or through them, or either of them, that the equity of redemption of all said defendants, and any and all persons and/or entities claiming from, under or through them, or either of them, in or to the said Tract A mortgage property in Plaintiff's Complaint described to wit:

**See attached Exhibit "A"**

be and the same is hereby forever barred and foreclosed, and that said mortgage property and

-12-

all rights, titles and interest and claims of the said defendants, and each of them, and all persons and/or entities claiming from, under or through them, or either of them, or to the said Tract A mortgage property shall be sold by the U.S. Marshalls Service, as required and provided by law in such cases; and such sales shall be made without any relief from valuation and appraisement laws; that Plaintiff shall be allowed to bid and receive credit to the full amount of its judgment at said U.S. Marshall's sale; and that after said U.S. Marshall's sale of the real estate in this action, there shall be no rights of redemption in or to said real estate surviving to any of the parties herein, including, but not limited to any redemption rights of the Defendants United States of America, Internal Revenue Service, State of Indiana and Indiana Department of Revenue, except as is expressly set forth herein.

b.  That the U.S. Marshall's Service be, and are hereby, directed and ordered to apply the proceeds arising from such sale of said mortgage property in the manner and order following:

> First, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the U.S. Marshall's sale of the real estate;
>
> Second, to the payment of the Plaintiff of the full balance then still owing on the judgment rendered in favor of Plaintiff herein;
>
> Third, to the payment of the Plaintiff of a sum equal to the amount expended by Plaintiff for the Plaintiff of the unpaid real estate taxes payable, due on said real estate, plus eight percent (8%) interest per annum from the date of payment (delivery of the tax receipts issued by the Treasurer of Parke County to the Marshall by the Plaintiff shall be sufficient evidence of payment by the Plaintiff);
>
> Fourth, to the payment of the Internal Revenue Service for the full balance then still owing on the Federal Tax Liens recorded in Book 901, page 527, and Book 92, page 794, respectively, namely the sum of $136,091.05, as of December 30, 2004, plus accruing interest and penalties;
>
> Fifth, to the payment of the State of Indiana, Department of Revenue

for the balance of all sums owed by Raccoon Boat Rentals, Inc., pursuant to all outstanding State Tax warrants;

Sixth, to the payment of Eby-Brown, LLC for the full balance then still owing on its judgment rendered July 21, 2003 in Cause No. 61C01-0302-CC-31, namely the sum of $17,969.06, plus per diem interest of $3.28 from January 23, 2006;

Seventh, to the payment of Old National Bank for the full balance then still owing on its judgment rendered under Cause No. 61C01-0302-MF-37; and

Eighth, the balance, if any, to be paid to the Clerk of the U.S. District Court, Southern District of Indiana, for the use and benefit of those rightly entitled thereto, and subject to further orders of this Court.

## TRACT B-1, TRACT II AND  TRACT III

c.   That plaintiff's said mortgage lien be and is hereby, foreclosed as a first and prior lien against the said Tract B-1, Tract II and Tract III real estate which is legally described below, as against all the defendants in this cause; and all persons and/or entities claiming from, under or through them, or either of them, that the equity of redemption of all said defendants, and any and all persons and/or entities claiming from, under or through them, or either of them, in or to the said Tract B-1, Tract II, and Tract III mortgage property in Plaintiff's Complaint described to wit:

### See Exhibits  "C", "E" and "F"

be and the same is hereby forever barred and foreclosed, and that said mortgage property and all rights, titles and interest and claims of the said defendants, and each of them, and all persons and/or entities claiming from, under or through them, or either of them, or to the said Tract B-1, Tract II and Tract III mortgage property shall be sold by the U.S. Marshalls Service, as required and provided by law in such cases; and such sales shall be made without

any relief from valuation and appraisement laws; that Plaintiff shall be allowed to bid and receive credit to the full amount of its judgment at said U.S. Marshall's sale; and that after said U.S. Marshall's sale of the real estate in this action, there shall be no rights of redemption in or to said real estate surviving to any of the parties herein, including, but not limited to any redemption rights of the Defendants United States of America, Internal Revenue Service, State of Indiana and Indiana Department of Revenue, except as is expressly set forth herein.

d.      That the U.S. Marshall's Service be, and are hereby, directed and ordered to apply the proceeds arising from such sale of said mortgage property in the manner and order following:

> First, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the Marshall's sale of the real estate;

> Second, to the payment of the Plaintiff of the full balance then still owing on the judgment rendered in favor of Plaintiff herein;

> Third, to the payment of the Plaintiff of a sum equal to the amount expended by Plaintiff for the Plaintiff of the unpaid real estate taxes payable, due on said real estate, plus eight percent (8%) interest per annum from the date of payment (delivery of the tax receipts issued by the Treasurer of Parke County to the Marshall by the Plaintiff shall be sufficient evidence of payment by the Plaintiff);

> Fourth, to the payment of the Internal Revenue Service for the full balance then still owing on the Federal Tax Liens recorded in Book 901, page 527, and Book 92, page 794, respectively, namely the sum of $136,091.05 as of December 30, 2004, plus accruing interest and penalties;

> Fifth, to the payment of the State of Indiana, Department of Revenue for the balance of all sums owed by Raccoon Boat Rentals, Inc., pursuant to all outstanding State Tax warrants;

> Sixth, to the payment of Eby-Brown, LLC for the ful balance then still owing on its judgment rendered July 21, 2003 in Cause No. 61C01-0302-CC-31, namely the sum of $17,969.06, plus per diem

interest of $3.28 from January 23, 2006;

Seventh, to the payment of Old National Bank for the full balance then still owing on its judgment rendered under Cause No. 61C01-0302-MF-37; and

Eighth, the balance, if any, to be paid to the Clerk of the U.S. District Court, Southern District of Indiana, for the use and benefit of those rightly entitled thereto, and subject to further orders of this Court.

## TRACT B-2

e.   That Plaintiff's said mortgage lien on Tract B-2 be, and hereby is, foreclosed as a valid and existing second priority lien against said Tract B-2 real estate, which is legally described below, as against all defendants in this cause and all persons and/or entities claiming from, under or through any of the said Defendants, or either of them, with the exception of First Financial Bank, f/k/a First Parke State Bank, who holds a valid and existing first mortgage lien on the said Tract B-2 real estate which Mortgage is dated April 8, 1999 and recorded April 14, 1999 in Book 253, page 276, pursuant to a certain Note and Mortgage executed by Defendants Steven H. Buchanan and Linda L. Buchanan, and which Note and First Mortgage totals $4,322.07 as of January 12, 2006, plus per diem interest in the amount of $1.00, that the equity redemption of all said Defendants, and any and all persons or entities claiming from, under or through them, or either of them, in or to this said Tract B-2 mortgage property, described to wit:

**See attached Exhibit "D"**

be and the same is hereby forever barred and foreclosed, that the said mortgage property and all rights, titles and interest, and claims of the said Defendants and each of them, and all persons and/or entities claiming from, under or through them, or either of them, or to the said mortgage property shall be sold by the U.S. Marshalls Service, as required and provided by

-16-

law in such cases; and such sale shall be made without any relief from valuation and appraisement laws; that plaintiff shall be allowed to bid and receive credit to the full amount of its judgment at said Marshall's sale; and at the Marshall's sale of the above-described real estate in this action, there shall be no rights of redemption in or to said real estate surviving to any of the parties herein, including, but not limited to any redemption rights of Defendants United States America, Internal Revenue Service, State of Indiana and Indiana Department of Revenue, except as is expressly set forth herein.

f.      That the U.S. Marshalls Service be, and are hereby, directed and ordered to apply the proceeds arising from such sale of said Tract B-2 mortgage property in the manner and order following:

> First, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the Marshall's sale of the real estate;

> Second, to the payment of First Financial bank f/k/a First Parke State Bank, of the full balance then still owing on its note and mortgage, namely the total sum of $4,322.07 as of January 12, 2006, plus per diem interest of $1.00 to the date of judgment, plus post-judgment interest at a rate of eight percent (8%) per annum from the date of judgment;

> Third, to the payment of the Plaintiff of the full balance then still owing on the judgment rendered in favor of Plaintiff herein;

> Fourth, to the payment of the Plaintiff of a sum equal to the amount expended by Plaintiff for the Plaintiff of the unpaid real estate taxes payable, due on said real estate, plus eight percent (8%) interest per annum from the date of payment (delivery of the tax receipts issued by the Treasurer of Parke County to the Marshalls by the Plaintiff shall be sufficient evidence of payment by the Plaintiff);

> Fifth, the payment of the Internal Revenue Service for the full balance then still owing on the Federal Tax Liens recorded in Book 901, page 527, and Book 92, page 794, respectively,  namely  the  sum  of $136,091.05 as of December 30, 2004, plus accruing interest and

penalties;

<u>Sixth</u>, to the payment of the State of Indiana, Department of Revenue for the balance of all sums owed by Raccoon Boat Rentals, Inc., pursuant to all outstanding State Tax warrants;

<u>Seventh</u>, to the payment of Eby-Brown, LLC for the full balance then still owing on its judgment rendered July 21, 2003 in Cause No. 61C01-0302-CC-31, namely the sum of $17,969.06, plus per diem interest of $3.28 from January 23, 2006;

<u>Eighth</u>, to the payment of Old National Bank for the full balance then still owing on its judgment rendered under Cause No. 61C01-0302-MF-37; and

<u>Ninth</u>, the balance, if any, to be paid to the Clerk of the U.S. District Court, Southern District of Indiana, for the use and benefit of those rightly entitled thereto, and subject to further orders of this Court.

## TRACT C

g.    That Plaintiff's said mortgage lien on Tract C be, and hereby is, foreclosed as a valid and existing third priority lien against said Tract C real estate, which is legally described below, as against all defendants in this cause, and all persons and/or entities claiming from, under or through any of the said Defendants, or either of them, with the exception of Green Tree Servicing, LLC f/k/a Conseco Finance Servicing Corp., f/k/a Conseco Bank, Inc., who holds a valid and existing first mortgage lien on the said Tract C real estate pursuant to a certain Note and Mortgage executed by Steven H. Buchanan and Linda L. Buchanan, which Mortgage is dated January 29, 1998 and recorded February 6, 1998 in Book 236, page 526 in the Office of the Recorder of Parke County, Indiana, and who also holds a valid and existing Second Mortgage lien on the said Tract C real estate pursuant to a certain Note and Mortgage executed by Defendants, Steven H. Buchanan and Linda L. Buchanan, which mortgage was dated January 4, 2000 and recorded January 18, 2000 in Book 271, page 138

in the Office of the Recorder of Park County, Indiana, and which Note and First Mortgage total $210,171.19 as of January 25, 2006, and which Note and Second Mortgage total $67,217.71 as of January 25, 2006, that the equity redemption of all said Defendants, and any and all persons or entities claiming from, under or through them, or either of them, in or to this said Tract C mortgage property, described to wit:

**See attached Exhibit "B"**

be and the same is hereby forever barred and foreclosed, that the said mortgage property and all rights, titles, interest, and claims of the said Defendants and each of them, and all persons and/or entities claiming from, under or through them, or either of them, or to the said mortgage property shall be sold by the U.S. Marshall Service, as required and provided by law in such cases; and such sale shall be made without any relief from valuation and appraisement laws; that plaintiff shall be allowed to bid and receive credit to the full amount of its judgment at said Marshall's sale; and at the Marshall's sale of the above-described real estate in this action, there shall be no rights of redemption in or to said real estate surviving to any of the parties herein, including, but not limited to any redemption rights of Defendants United States America, Internal Revenue Service, State of Indiana and Indiana Department of Revenue, except as is expressly set forth herein.

h.     That the U.S. Marshalls Service be, and are hereby, directed and ordered to apply the proceeds arising from such sale of said Tract C mortgage property in the manner and order following:

> First, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the Marshall's sale of the real estate;

> Second, to the payment of Green Tree Financial Servicing, LLC, of

the full balance then still owing on its note and first and second mortgage, namely the total sum of $277,388.90, plus interest at a rate of eight percent (8%) per annum from the date of judgment;

Third, to the payment of the Plaintiff of the full balance then still owing on the judgment rendered in favor of Plaintiff herein;

Fourth, to the payment of the Plaintiff of a sum equal to the amount expended by Plaintiff for the Plaintiff of the unpaid real estate taxes payable, due on said real estate, plus eight percent (8%) interest per annum from the date of payment (delivery of the tax receipts issued by the Treasurer of Parke County to the Marshalls by the Plaintiff shall be sufficient evidence of payment by the Plaintiff);

Fifth, the payment of the Internal Revenue Service for the full balance then still owing on Federal Tax Lien recorded in Book 901, page 527, and Book 92, page 794, respectively, namely the sum of $136,091.05 as of December 30, 2004, plus accruing interest and penalties;

Sixth, to the payment of the State of Indiana, Department of Revenue for the balance of all sums owed by Raccoon Boat Rentals, Inc., pursuant to all outstanding State Tax warrants;

Seventh, to the payment of Eby-Brown, LLC for the ful balance then still owing on its judgment rendered July 21, 2003 in Cause No. 61C01-0302-CC-31, namely the sum of $17,969.06, plus per diem interest of $3.28 from January 23, 2006;

Eighth, to the payment of Old National Bank for the full balance then still owing on its judgment rendered under Cause No. 61C01-0302-MF-37; and

Ninth, the balance, if any, to be paid to the Clerk of the U.S. District Court, Southern District of Indiana, for the use and benefit of those rightly entitled thereto, and subject to further orders of this Court.

## **WATERCRAFT**

I.       The Court further finds that the sums of money owed to Plaintiff are secured to the

Plaintiff by certain watercraft and trailers, more particularly described as follows:

| | |
|---|---|
| 1997 KAR 1 Axle trailer | #186B1J117VF015107 |
| 1998 Cutter XL 166 Jet | #607181 T |

| | |
|---|---|
| 1998 Cutter XLE 176 Jet | #607179 T |
| 1998 Pro-Fisher XLE 176 Fishnski | #607177 T |
| 1998 Pro-Fisher 155 | #607180 T |
| 1998 Pro-Fisher 155 | #607178 T |
| 1998 Karavan Boat Trailer | #5KTBS1912WF003521 |
| 1998 Karavan Boat Trailer | #5KTBS1912WF003518 |
| 1998 Karavan Boat Trailer | #5KTBS1914WF003519 |
| 1998 Karavan Boat Trailer | #5KTBS1910WF003520 |
| 1998 Karavan Boat Trailer | #5KTBS1910WF003517 |

The Court finds that plaintiff has a valid and properly perfected security interest in the said watercraft and trailers and has recorded its lien on the said watercraft and trailer titles, and that Plaintiff's lien in and to the said watercraft and trailers is a valid and subsisting first lien upon and against the above-described watercraft and trailers, and that plaintiff's lien as to the said watercraft and trailers is superior and paramount to any and all rights, titles, interests and claims of the defendants named in this action and in or to the said watercraft and trailers; that under and by virtue of the terms and conditions of plaintiff's Note and Security Agreement, a default has occurred therein in the indebtedness evidenced and secured thereby, and the plaintiff is entitled to have its lien and security interest in the above-described watercraft and trailers foreclosed as against each and all of the defendants in this cause and to have the above-described watercraft and trailers and all rights, titles, interest and claims of all defendants herein and of all persons and/or entities claiming from, under or through them, or either of them, in or to the said watercraft and trailers foreclosed and sold, and to have said watercraft and trailers sold to make, pay, and satisfy the amounts of money found and adjudged due to the plaintiff on its note and security agreement instrument sued upon.

That Plaintiff's said lien and security interest in the above-described watercraft and trailers be and is hereby, foreclosed as a first and prior lien against the above-described watercraft and trailers, as against all the Defendants in this cause; and all persons and/or entities claiming from, under or through them, or either of them, that the equity of redemption of all said defendants, and

any and all persons and/or entities claiming from, under or through them, or either of them, in or to the above-described watercraft and trailers, be and the same is hereby forever barred and foreclosed. That the said watercraft and trailers, and all rights, titles and interest and claims of the same Defendants, and each of them, and all persons and/or entities claiming from, under or through them, or either of them, in or to the said watercraft and trailers, be sold by the U.S. Marshalls Service, as required and provided by law in such cases; and such sales shall be made without any relief from valuate and appraisement laws; that in the event that the said watercraft and trailers are not voluntarily surrendered by the defendants, the U.S. Marshall's shall find and recover the said watercraft and trailers from said defendants or from such other third parties that may have possession of said watercraft and trailers, that the Plaintiff be allowed to bid and receive credit to the full amount of its judgment at said U.S. Marshalls' sale; and that after said U.S. Marshalls' sale of the said watercraft and trailers, there shall be no rights of redemption in or to said watercraft and trailers surviving to any of the parties herein, including, but not limited to, any redemption rights of the Defendants, United States of America, Internal Revenue Service State of Indiana and Indiana Department of Revenue, except as is expressly set forth herein.

j.      The U.S. Marshalls Service be, and are hereby, directed and ordered to apply the proceeds arising from such sale of said watercraft and trailers in the manner and order following:

> First, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the Marshall's sale of the real estate;

> Second, to the payment of the Plaintiff of the full balance then still owing on the judgment rendered in favor of Plaintiff herein;

> Third, to the payment of the Plaintiff of a sum equal to the amount expended by Plaintiff for the Plaintiff of the unpaid personal property

taxes payable, due on said property, plus eight percent (8%) interest per annum from the date of payment (delivery of the tax receipts issued by the Treasurer of Parke County to the Marshall by the Plaintiff shall be sufficient evidence of payment by the Plaintiff);

Fourth, the payment of the Internal Revenue Service for the full balance then still owing on Federal Tax Lien recorded in Book 901, page 527, and Book 92, page 794, respectively, namely the sum of $136,091.05 as of December 30, 2004, plus accruing interest and penalties;

Fifth, to the payment of the State of Indiana, Department of Revenue for the balance of all sums owed by Raccoon Boat Rentals, Inc., pursuant to all outstanding State Tax warrants;

Sixth, to the payment of Eby-Brown, LLC for the full balance then still owing on its judgment rendered July 21, 2003 in Cause No. 61C01-0302-CC-31, namely the sum of $17,969.06, plus per diem interest of $3.28 from January 23, 2006;

Seventh, to the payment of Old National Bank for the full balance then still owing on its judgment rendered under Cause No. 61C01-0302-MF-37; and

Eighth, the balance, if any, to be paid to the Clerk of the U.S. District Court, Southern District of Indiana, for the use and benefit of those rightly entitled thereto, and subject to further orders of this Court."

## RACCOON BOAT RENTAL, INC. PERSONAL PROPERTY AND FIXTURES

The Court further finds that the sums of money owed to Plaintiff are secured to the Plaintiff by certain personal property and fixtures, more particularly described as follows:

### "See Attached Group Exhibit G"

(hereinafter the "Personal Property" and "Fixtures"). The Court finds that plaintiff has a valid and properly perfected security interest in the said Personal Property and Fixtures, and that Plaintiff's lien in and to the said Personal Property and Fixtures is a valid and subsisting first lien upon and against the above-described Personal Property and Fixtures, and that plaintiff's lien as to the said Personal

Property and Fixtures is superior and paramount to any and all rights, titles, interests and claims of the defendants named in this action and in or to the said Personal Property and Fixtures, except that as to any Personal Property, if any, which the Internal Revenue Service can establish was acquired by Raccoon Boat Rental subsequent to December 9, 2002, in which event the Internal Revenue Service shall be considered to have a first and prior lien in said "Post December 9, 2002 Personal Property", to the extent of the full amount of the Internal Revenue Service's Federal Tax Lien against Raccoon Boat Rental recorded in Book 90, page 527, in the Office of the Recorder of Parke County, Indiana ; that under and by virtue of the terms and conditions of plaintiff's Note and Security Agreement, a default has occurred therein in the indebtedness evidenced and secured thereby, and the plaintiff is entitled to have its lien and security interest in the above-described Personal Property and Fixtures  foreclosed as against each and all of the defendants in this cause and to have the above-described Personal Property and Fixtures and all rights, titles, interest and claims of all defendants herein and of all persons and/or entities claiming from, under or through them, or either of them, in or to the said Personal Property and Fixtures foreclosed and sold, and to have said Personal Property and Fixtures sold to make, pay, and satisfy the amounts of money found and adjudged due to the plaintiff on its note and security agreement instrument sued upon.

That Plaintiff's said lien and security interest in the above-described Personal Property and Fixtures be and is hereby, foreclosed as a first and prior lien against the above-described Personal Property and Fixtures, as against all the Defendants in this cause, except as to the limited personal property priority of the Internal Revenue Service as set forth in the above paragraph; and all persons and/or entities claiming from, under or through them, or either of them, that the equity of redemption of all said defendants, and any and all persons and/or entities claiming from, under or through them, or either of them, in or to the above-described Personal Property and Fixtures, be and the same is

hereby forever barred and foreclosed, and that the said Personal Property and Fixtures, and all rights, titles and interest and claims of the same Defendants, and each of them, and all persons and/or entities claiming from, under or through them, or either of them, or to the said Personal Property and Fixtures, be sold by the U.S. Marshalls Service, as required and provided by law in such cases; and such sales shall be made without any relief from valuation and appraisement laws; that the Plaintiff be allowed to bid and receive credit to the full amount of its judgment at said U.S. Marshalls' sale; and that after said U.S. Marshalls' sale of the said Personal Property and Fixtures, there shall be no rights of redemption in or to said Personal Property and Fixtures surviving to any of the parties herein, including, but not limited to, any redemption rights of the Defendants, United States of America, Internal Revenue Service, State of Indiana and Indiana Department of Revenue, except as is expressly set forth herein.

1.     The U.S. Marshalls Service be, and are hereby, directed and ordered to apply the proceeds arising from such sale of said Personal Property and Fixtures in the manner and order following:

> First, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the Marshall's sale of the real estate;

> Second, to the payment of the Plaintiff of the full balance then still owing on the judgment rendered in favor of Plaintiff herein;

> Third, to the payment of the Plaintiff of a sum equal to the amount expended by Plaintiff for the Plaintiff of any unpaid personal property taxes payable, due on said property, plus eight percent (8%) interest per annum from the date of payment (delivery of the tax receipts issued by the Treasurer of Parke County to the Marshall by the Plaintiff shall be sufficient evidence of payment by the Plaintiff);

> Fourth, the payment of the Internal Revenue Service for the full balance then still owing on Federal Tax Lien recorded in Book 901, page 527, and Book 92, page 794, respectively, namely the sum of

-25-

$136,091.05 as of December 30, 2004, plus accruing interest and penalties, except that as to any Personal Property, if any, which the Internal Revenue Service can establish was acquired by Raccoon Boat Rental subsequent to December 9, 2002, in which event the Internal Revenue Service shall be considered to have a first and prior lien in said "Post December 9, 2002 Personal Property", to the extent of the full amount of the Internal Revenue Service's Federal Tax Lien against Raccoon Boat Rental recorded in Book 90, page 527, in the Office of the Recorder of Parke County, Indiana, which sum shall be distributed as Second in priority after payment of all said costs and expenses as outlined above;

Fifth, to the payment of the State of Indiana, Department of Revenue for the balance of all sums owed by Raccoon Boat Rentals, Inc., pursuant to all outstanding State Tax warrants;

Sixth, to the payment of Eby-Brown, LLC for the full balance then still owing on its judgment rendered July 21, 2003 in Cause No. 61C01-0302-CC-31, namely the sum of $17,969.06, plus per diem interest of $3.28 from January 23, 2006;

Seventh, to the payment of Old National Bank for the full balance then still owing on its judgment rendered under Cause No. 61C01-0302-MF-37; and

Eighth, the balance, if any, to be paid to the Clerk of the U.S. District Court, Southern District of Indiana, for the use and benefit of those rightly entitled thereto, and subject to further orders of this Court.

## ASSIGNMENTS OF LEASES AND RENTS

1.     The Court further finds that the sums of money owed to Plaintiff are secured to the

Plaintiff by the Assignments of Leases and Rents for the mortgage property, all of which is more

fully set forth in the above paragraphs.   The Court finds that Plaintiff is entitled to the immediate

turnover of all of the said rent amounts and is entitled to collect and receive all future rents from the

said mortgage properties.  Accordingly, defendants Raccoon Boat Rental, Inc., Steven H. Buchanan,

Linda L. Buchanan, William H. Buchanan and Patricia J. Buchanan are hereby ordered to

immediately surrender and turn over all rental and related sums which they have received from any

tenants of any of the mortgage properties, and shall also, within ten (10) days of this Order, provide Plaintiff and the Court with a verified accounting, given and made under penalties of perjury, of all sums received as rent since November 10, 2000, and, upon request of Plaintiff, shall provide Plaintiff with true and accurate copies of all Lease Agreements and related information for any tenants of the said mortgage properties, and cooperate with Plaintiff to arrange for the transfer of all future rent amounts to Plaintiff, as is more fully set forth in the terms of the said Assignments of Leases and Rents.

2.    If the proceeds from such sale shall not be sufficient to satisfy the amount herein found to be due and owing to the Plaintiff, the U.S. Marshals Service, shall immediately levy upon the goods and chattels of the Defendants, Raccoon Boat Rentals, Inc., Steven H. Buchanan, Linda L. Buchanan, William H. Buchanan and Patricia J. Buchanan, and until such judgment is paid in full.

3.    That, additionally, plaintiff has established sufficient cause for the appointment of a Receiver, at its sole option and discretion, for the control and operation of the real estate herein, all improvements and personal property described in plaintiff's Complaint and herein.

4.    That plaintiff's request for appointment of a Receiver, at its sole option, should be and is hereby granted.

5.    That plaintiff, in its sole discretion and its sole option, shall be entitled to petition the Court for appointment of a Receiver, of its choosing to serve with all power and authority to take control and possession of the real estate described as Tract A, Tract B, Tract C, Tract B-1, Tract B-2, Tract II and Tract III, together with all improvements and personal property , all of which is located in Parke County, Indiana; to hold, control, protect, and conserve same, to have all powers and authority provided for a Receiver by statute and law, including, but not limited to, collection of

all rents regarding the said Mortgage premises, subject to further Order of this Court:

6.      Upon the filing by plaintiff of a Petition for Approval and Appointment of a Specific Receiver, plaintiff shall be entitled to have its said petition for appointment heard on an expedited basis, at the earliest date available to the Court.  However, nothing herein shall be construed as a requirement or duty of plaintiff to have a Receiver appointed.

7.      The right of redemption of the defendants and all such persons should be foreclosed, as is stated herein, except that with respect to any lien of the United States, the United States shall have the right to redeem within the time period provided by 28 U.S.C. §2410(c).

8.      Upon the execution by the Marshall of a deed of conveyance of said mortgage property sold hereunder, if not previously redeemed by the person or persons entitled thereto, any person who may be in possession of said mortgage properties, or any part thereof, upon demand and exhibit of said Marshalls' deed or a true copy thereof, shall forthwith surrender said mortgage property to the holder of such deed.

9.      A copy of this decree, duly certified by the Clerk of the United States District Court for the Southern District of Indiana, under the seal of this Court, shall be sufficient authority for, and direction to, the U.S. Marshals Service or other agency, to proceed as herein directed.

Date:    02/15/2006


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

-28-